No. 25-20386

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

TRINIDAD CUTSHALL,
**Plaintiff - Appellee**

v.

**DONALD DILLOW, SERGEANT, IN HIS INDIVIDUAL CAPACITY; NAHUEL FAIURA, DEPUTY, IN HIS INDIVIDUAL CAPACITY; TODD KLOSTERMAN, SERGEANT, IN HIS INDIVIDUAL CAPACITY; N. POIRIER, DEPUTY, IN HIS INDIVIDUAL CAPACITY , D.R. CALHOUN, LIEUTENANT, IN HIS INDIVIDUAL CAPACITY; M.A. CARRIZALES, SERGEANT, IN HIS INDIVIDUAL CAPACITY; R.W. HOLLEY, DEPUTY, IN HIS INDIVIDUAL CAPACITY; C. MARSHALL, DEPUTY, IN HIS INDIVIDUAL CAPACITY; P. BATTON, DEPUTY, IN HIS INDIVIDUAL CAPACITY**

Defendants-Appellants.

**Appeal from the United States District Court
for the Southern District of Texas
Houston Division
District Court No. 4:25-CV-2899**

_____

**CONSOLIDATED WITH:**

No. 24-20499

TRINIDAD CUTSHALL,
**Plaintiff - Appellee**

v.

**S. COGBURN, DEPUTY, IN HIS INDIVIDUAL CAPACITY; E. HERNANDEZ, DEPUTY, IN HIS INDIVIDUAL CAPACITY; DEPUTY J. LUNA, DEPUTY, IN HIS INDIVIDUAL CAPACITY; and KENNETH SANDOR, DEPUTY, IN HIS INDIVIDUAL CAPACITY**
Defendants-Appellants.

RICHARD KUNIANSKY
Law Offices of Richard Kuniansky
State Bar No. 11762640
440 Louisiana, Suite 1440
Houston, Texas 77002
Telephone:  (713) 622-8333
rkuniansky@gmail.com

DAVID ADLER
1415 North Loop West, Suite 905
Houston, Texas 77008
713-666-7576
davidadler1@hotmail.com

APPELLANTS' RESPONSE IN OPPOSITION TO APPELLEE'S
MOTION TO SUPPLEMENT THE RECORD ON APPEAL

1. This is an appeal of the denial of Rule 12(b)(6) motions to dismiss Appellee's 42 U.S.C. § 1983 Complaint based on qualified immunity.

2. Appellee's Complaint did not include a video of the incident, nor did Appellee otherwise make the video a part of the record in the Court below. Now, after all appellate briefing deadlines have passed and oral argument is scheduled in less than 2 weeks, Appellee seeks to *supplement* the record on appeal with a video that was not part of the record in the Court below.[1] Appellants are opposed. One of the most elementary rules of appellate procedure is that an appeal is based on the record below.

3. Federal Rule of appellate Procedure 10 governs the record on appeal. FRAP

---

[1] Appellee's motion did not include a certificate of Conference. Appellee did not confer with opposing counsel  prior to filing.

10(a) states:

(a) Composition of the Record on Appeal.

The following items constitute the record on appeal:

(1) the original papers and exhibits filed in the district court;
(2) the transcript of proceedings, if any; and
(3) a certified copy of the docket entries prepared by the district clerk.

FRAP 10(e)(2) states:

(e) Correction or Modification of the Record.

(1) If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.

(2) If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:

(A) on stipulation of the parties;
(B) by the district court before or after the record has been forwarded; or
(C) by the court of appeals.

4.    In *Kemlon Products and Development Co. v. U.S.*, 646 F.2d 223, 224 (5th Cir.

1981), this Court held:

A court of appeals will not ordinarily enlarge the record on appeal not before the district court. *Salama v. Virginia*, 605 F.2d 1329 (4th Cir. 1979); *United States v. Walker*, 601 F.2d 1051 (9th Cir. 1979; *Drexel v. Union Prescription Centers, Inc.*, 582 F.2d 781, 784 n.4 (3rd Cir. 1978); 16 Wright, Miller, Cooper & Gressman, *Federal Practice and Procedure*, § 3956 (1981).

This principle applies even when the evidence comes from related, pending litigation between the same parties. *Id.*

The court in *Hall v. Hoke*, 471 Fed.Appx. 269, 270 (5ᵗʰ Cir. 2012) explicitly stated that an appellant "may not supplement the record pursuant to Federal Rule of Appellate Procedure 10(e)(2) with evidence that was not presented to the district court."

5.      Appellee cites *Anderson v. Estrada*, 140 F.4th 634 (5ᵗʰ Cir. 2025) as support for supplementing the record on appeal with a video that was not part of the record in the Court below. However, *Anderson v. Estrada* holds the exact opposite:

"Moreover, where video recordings are included **in the pleadings, as is the case here**, the video depictions of events, viewed in the light most favorable to the plaintiff, should be adopted over the factual allegations in the complaint if the video 'blatantly contradict[s]' those allegations." *Harmon*, 16 F.4th at 1163 (quoting *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 1776, 167 L.Ed.2d 686 (2007)) (alteration in original). The Plaintiffs insist that we turn a blind eye to the video evidence. **But where a party "referenced the video in their complaint and brief" and "included several screenshots from the video in their complaint," "caselaw supports our consideration of the video."** *Winder v. Gallardo*, **118 F.4th 638, 643–44 (5th Cir. 2024) (per curiam). Because the Plaintiffs and Intervenors both referenced the video in their complaints and included multiple screenshots from it in their brief to this court, we consider the video.** (Emphasis added.)

*Id*. at 642.

Although Appellee cited a portion of the quote above, importantly Appellee

omitted the emphasized portion from the quote.[2] Contrary to holding that the video may be considered part of the Record on Appeal, the full quote above holds that the video may be considered only where the video had been considered in the Court below.

6.     Appellee, under the guise of *supplementing* the Record on Appeal is actually attempting to *create* a new Record on Appeal. Neither the Rules of Appellate Procedure nor case law permit creating from whole cloth a record on appeal. Appellee's motion should be denied.

Respectfully submitted,

/s/ Richard Kuniansky
RICHARD KUNIANSKY
Attorney for Appellants:
(in their individual capacities)
Sgt. Donald Dillow,
Deputy Nahuel Faiura
Sgt. Todd Klosterman
Deputy N. Poirier
Deputy S. Cogburn
Deputy E. Hernandez
Deputy J. Luna and
Deputy Kenneth Sandor

/s/ David Adler
DAVID ADLER

---

[2] Appellee conveniently left out the passage "in the pleadings, as in the case here" and replaced it with an ellipsis. This "oversight" completely mischaracterizes the holding of the case.

Attorney for Appellants:
(in their individual capacities)
Deputy P. Batton
Lt. D.R., Calhoun
Sgt. M.A. Carrizales
Deputy R.W. Holley
Deputy C.  Marshall

## CERTIFICATE OF SERVICE

A copy of this Response was served on all counsels of record via PACER on April 15, 2026.

/s/ Richard Kuniansky
RICHARD KUNIANSKY

## CERTIFICATE OF COMPLIANCE

Pursuant to 5TH CIR. R. 35.5, undersigned counsel certifies that this response complies with the type-volume limitations of Fed. R. App. P. 35 (a)(5)&(6).

1. Exclusive of the portions exempted by 5TH CIR. R. 32(f), this response contains 793 words.

2. This response has been prepared in proportionally spaced typeface using Corel WordPerfect X8 software in Times New Roman 14 point font in text and Times New Roman 12 point font in footnotes.

3. Undersigned counsel understands that a material misrepresentation in completing this certificate, or circumvention of the type-volume limits in Fed. R. App. P. 35 (b)(2), may result in the Court's striking this response and imposing

sanctions against the person signing the response.

                                        /s/ Richard Kuniansky
                                        RICHARD KUNIANSKY